UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE INDIANA

| | |
|---|---|
| KRISTA S. REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:04-CV-333 |
| ) | |
| JO ANNE BARNHART, ) | |
| COMMISSIONER, ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF DECISION AND ORDER**

This matter is before the court for judicial review of a final decision denying plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §§ 1382, 1382c(a)(3). The plaintiff, Krista S. Reynolds ("Reynolds") filed her Complaint against the defendant, Jo Anne Barnhart, Commissioner of the Social Security Administration (hereinafter referred to as "the Commissioner") on September 3, 2004, seeking judicial review of the Administration's denial of benefits. Reynolds filed her opening brief on October 6, 2006, and the Commissioner, after having received an extension of time in which to do so, filed its response on December 20, 2006.[1]  Reynolds did not submit a reply brief, which

---

[1] On October 22, 2004, the Social Security Administration filed a motion to remand this case, purportedly for the purpose of locating the missing audio tape of the administrative hearing in this case. Motion to Remand, Docket at 5. The motion was granted by way of an Order entered on November 17, 2004. Docket at 9. On August 23, 2006, the Administration filed a motion to vacate the Order of remand (Docket at 12), which the court granted on that same date (Docket at 13). Also on August 23, 2006, the Administration's Answer to Reynolds' Complaint was docketed. Docket at 15. In an Order entered on August 31, 2006, the court entered a scheduling order in this case and briefing was completed as set forth above. Reynolds points out in her brief that "[n]o reason has been proffered to the Court for this seemingly inexplicable 18 month delay." Brief in Support of Plaintiff's Complaint, Docket at 20, p. 2. However, this is not an issue before the court.

would have been due on January 9, 2007.

## STANDARD OF REVIEW

Section 205(g) of the Social Security Act provides, *inter alia*, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), *cert. denied*, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) (citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g)).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971)); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law."  *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

## DISCUSSION

On July 15, 2002, Reynolds applied for Supplemental Security Income ("SSI") benefits.[2]  Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration ("Brief in Support"), Docket at 20, p. 1.  On November 18, 2003, a hearing was held before an Administrative Law Judge ("ALJ").  *Id.*, p. 1-2.  On April 27, 2004, the ALJ, Dennis R. Kramer, entered an Order adverse to Reynolds.  *Id.*, p. 2.  The ALJ's decision appears in the Record of Proceedings (the "Record") at pp. 11-19 .  On May 20, 2004, Reynolds filed a Request for Review with the Appeals Council of the Social Security Administration, and the Council denied her request in a Notice issued on July 9, 2004.  *Id*.

---

[2]  More accurately, Krista Reynolds's mother, Joanne Kline-Annis, filed an application for benefits on behalf of her daughter.  Krista was seven years old at the time of her initial application and eight years old at the time of the administrative hearing in her case.

3

In this case, after consideration of the entire record, the ALJ made the following substantive findings:

1. "The child has never engaged in substantial gainful activity (20 CFR § 416.924(b))."

2. "The child has a 'severe' impairment (20 CFR § 416.924(c))."

3. "The child's attention deficit hyperactivity disorder does not meet or medically equal the severity of any impairment listed in Part B of Appendix 1 to Subpart P, (20 CFR §§ 416.924(d)(1), 416.925 and 416.926)."

4. "The child does not have an 'extreme' limitation in any domain of functioning or a 'marked' limitation in two domains of functioning.  She therefore does not functionally equal the severity of the listings (20 CFR §§ 416.924(d)(2) and 416.926(a))."

5. "The subjective complaints and testimony are considered credible only to the extent they are supported by the evidence of record as summarized in the text of this decision."

6. "The claimant has not been under a 'disability,' at any time through the date of this decision (20 CFR § 416.906)."

The ALJ then concluded that "the claimant is not eligible for Supplemental Security Income payments under Sections 1602 and 1614(a)(3)(c) of the Social Security Act." ALJ's Decision, Record at p. 19.

In her brief, Reynolds challenges the conclusion of the ALJ based on three issues. Reynolds asserts that: 1) Reynolds's mother's waiver of legal representation at the administrative hearing was not proper; 2) the ALJ failed to develop the record fully and fairly; and 3) the ALJ's findings were not supported by substantial evidence.  Brief in Support, p. 5.

**1. Waiver of Representation.**

Reynolds and her mother attended the administrative hearing on November 18, 2003. It is well established, as Reynolds points out, that a claimant has a statutory right to counsel at such an administrative hearing. *Id.*, (citing 42 U.S.C. § 406 and *Benson v. Schweiker*, 652 F.2d 406 (5th Cir. 1981)). Reynolds maintains that at the outset of the administrative hearing, "[t]he ALJ provided Krista's mother some cursory and incomplete information about attorney representation . . . . The mother then made a statement to the effect that she could provide the same quality of representation that an attorney could provide." *Id.*, pp. 5-6. Reynolds's mother also signed a Waiver of Right to Representation form at the hearing. Record at 26.[3] However, Reynolds argues now that her mother's waiver of counsel was not based on an adequate understanding of the hearing process or the scope of services an attorney might be able to provide. Brief in Support, pp. 5-7. Reynolds argues that "[i]t was error for the ALJ to allow the mother to waive representation[.]" and that "it cannot be known whether such alleged waiver of representation was proper. This cause should be remanded for a new hearing." *Id.*, p. 7.

The Commissioner counters by asserting that Reynolds's mother's waiver of representation was valid, since the ALJ discussed the issue with her before she signed the Waiver of Right to Representation form and before any evidence was presented. Memorandum in Support of the Commissioner's Decision ("Commissioner's Memorandum"), Docket at 23, pp. 15-18. The Commissioner maintains that the record reveals that the waiver of representation in this case was exercised only after the ALJ fully informed Reynolds's mother of her right to

---

[3] The transcript reveals that the Waiver of Right to Representation form was signed (which Claimant does not dispute), but the form was not made part of the Record. See Record, p. 26.

5

counsel.  *Id*.

The Commissioner concedes that "Section 206(c) of the Social Security Act provides: 'The Secretary shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Secretary.'" *Id*., pp. 15-16 (quoting 42 U.S.C. § 406(c)).  The Commissioner argues that in the present case the record demonstrates that the ALJ not only followed the dictates of Section 406(c), but that he specifically and expressly discussed the issue of waiver of representation with Reynolds's mother.  *Id*., pp. 16-18.  The record in this case contains clear and substantial evidence that the waiver of representation in this case was voluntary as well as proper.  As the Commissioner points out, at the hearing, the ALJ had a rather lengthy discussion with Claimant's mother about her decision to proceed without an attorney.  Krista's mother admitted that she had received from the Social Security Administration, prior to the commencement of the hearing, a list of legal aid organizations that might be able to assist her free of charge.  Record at pp. 22-23.  The ALJ then went on to discuss with Krista's mother her right to consult and hire an attorney to represent her daughter at the hearing.  *Id*., p. 23.  He pointed out that an attorney could assist in the presentation of evidence and arguments on Krista's behalf.  Record at p. 23.  The ALJ discussed the fact that an attorney specializing in Social Security law might be willing to assist in this case on a contingency fee basis.  *Id*., pp. 23-24.  The ALJ then asked Krista's mother if she had attempted to contact a legal aid organization or an attorney to assist with her daughter's case.  *Id*., p. 24.  Krista's mother responded that she had not done so "because I felt that I have all the evidence that I can present. And I don't feel an attorney can present anything that I don't have."  *Id*., p. 25.  Following this

discussion, and the signing of the Waiver to Right of Representation form, the ALJ proceeded with the hearing.

As the Commissioner correctly points out, the Seventh Circuit Court of Appeals addressed the issue of a waiver of representation at an administrative hearing in the case of *Binion v. Shalala*, 13 F.3d 243 (7th Cir. 1994). In that case, the appellate court stated as follows:

> To ensure a valid waiver of counsel, we require the ALJ to explain to the pro se claimant (1) the manner in which an attorney can aid the proceedings, (2) the possibility of free counsel, and (3) the limitation of attorney fees to 25 percent of past due benefits and required court approval of the fees.

*Binion*, 13 F.3d at 245. In the present case, the ALJ did all of this. He discussed each of those elements with Krista's mother before proceeding with the hearing, and only after having received her assurance that she desired to proceed without an attorney.

The fact that Reynolds's mother's decision to waive counsel may have been ill advised and/or the fact that she may now regret that decision, does not render it void or voidable. As the evidence clearly demonstrates that Reynolds's mother waived the right to counsel in this case voluntarily and after having been adequately informed about that right, this issue does not present any ground for a remand for a new hearing.

**2. The ALJ's Development of the Record.**

Reynolds's second argument in support of her request for a remand is that the ALJ did not fully and fairly develop the record in this case prior to rendering his decision. Brief in Support, p. 8. This argument is based solely on the contention that the ALJ, in reaching his decision, should have considered evidence relating to Reynolds's older sister. *Id*. Reynolds's argument in support of this issue consists of one single paragraph in her brief, which reads as follows:

7

> The ALJ should have delved in to the details of the older daughter's condition. This should have included pulling the older daughter's Social Security file and reviewing the evidence therein. This was not done and it was error not to do so. When a family member has mental health issues, all family members are impacted to some extent. The older daughter's medical and educational histories were directly on point since she suffered from the same problems as Krista.

*Id*. One of the first problems with this argument, as the Commissioner points out, is that Reynolds "cites absolutely no authority for her argument that the ALJ's failure to pull the older sister's Social Security file as 'error.'" Commissioner's Memorandum, p. 19. This court was also unable to locate any such authority. More importantly, Reynolds presents no evidence to show that the ALJ's alleged "failure" to review her older sister's record constituted a concomitant failure to fully and fairly develop the record in this case. The Commissioner further responds to this issue by arguing that "medical evidence relating to the condition of an individual other than the claimant in question is not relevant to the functional capacity of the individual filing for disability benefits." *Id*., p. 20. The Commissioner goes on to argue that Reynolds "does not explain how the Social Security file of her sister would have changed the outcome of her hearing." *Id*. (citing *Nelson v. Apfel*, 131 F.3d 1228, 1235-36 (7th Cir. 1997)). The Commissioner also cites the case of *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) ("'[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.'"). *Id*. Finally, the Commissioner also points out that Reynolds "herself did not submit this additional evidence to the Appeal Council and does not do so now to this Court. . . . Thus, [she] has not established that she was prejudiced." *Id*.

In this case, the ALJ based his decision on a thorough record of medical assessments, treatment plans, educational records, and other documents relating to Krista's condition. (A listing of the specific evidence examined by the ALJ appears below.) While the ALJ agreed that

8

Krista had an impairment (attention deficit-hyperactivity disorder), he concluded that it did not rise to the level of a disability that would warrant SSI benefits.  Reynolds's argument that her sister's records should have been examined, and that they would have resulted in a different conclusion, is speculative, conclusory, and without support in the case law, statutes, or Code of Federal Regulations.

For all of these reasons, the court finds that Reynolds's argument that the ALJ did not fully and fairly develop the record in her case is insufficient to warrant a reversal or remand in this case.

### 3.  The Substantial Evidence Issue.

As with her argument regarding the development of the record, Reynolds's argument that the Commissioner's decision to deny her benefits was not supported by substantial evidence is likewise very brief, cursory, and conclusory.  In her brief, Reynolds argues that "Krista's school psychologist recommended that Krista be considered for special education for the learning disabled[.]" that "Krista's Global Assessment Functioning level never exceeded 55[.]" and that "[f]rom an equivalency standpoint, Krista would not be employable" as an adult.  Brief in Support, p. 9.  Therefore, according to Reynolds, "the evidence conclusively established that Krista was disabled under the law and should have been awarded benefits."  *Id*.

At this point, before addressing the legal merits of this argument, it is important to summarize the medical and other evidence that was presented to the ALJ and on which he based his findings and conclusions.  This evidence is discussed in great detail in the Commissioner's Memorandum at pages three through 11.  It includes the following:

1. Treatment notes from Prevesh Rustagi, M.D., who examined and treated Krista; Record at

9

130-136.

2.  Treatment notes from Lisa Booth, M.D., who examined and treated Krista; Record at 138-148.

3.  Records of clinical assessment and treatment plan of Krista performed by Francis Cyran, M.D., a psychiatrist with the Northeastern Center; Record at 249-250.

4.  A Report of Psychiatric Status completed by Dr. Cyran on October 31, 2002; Record at 150-156.

5.  An assessment by W. Shipley, Ph.D., a State Agency psychologist who reviewed Krista's medical records and concluded that she did not have a qualifying disability; Record at 226-232 and 274.

6.  An assessment by J. Pressner, Ph.D., a State Agency psychologist who reviewed Krista's medical records and concluded that she did not have a qualifying disability; Record at 233-238 and 272.

7.  Reports and test results from Theresa Clark, M.A., a school psychologist; Record at 275-286; and

8.  Educational records provided by Krista's school and her teachers.  Record at 113-115; 126-130.

In order to establish a disability for Social Security benefit purposes, a child under age eighteen "must show that she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  Commissioner's Memorandum, p. 11 (citing 42 U.S.C. § 1382c(a)(3)(C)(1)).

As the Commissioner explains in her brief, and as the ALJ correctly discussed in his opinion, "the Commissioner has established regulations that provide a three-step sequential evaluation process for determining disability for children under the age of eighteen[.]" *Id*., p. 12.  These steps include the following:

1) If a claimant is engaged in substantial gainful activity, she is not disabled, regardless of medical findings.  20 C.F.R. § 416.924(b).

2) If a claimant's impairment(s) are not severe, i.e., do not significantly limit her ability to perform basic work activities, she is not disabled.  20 C.F.R. § 416.924(c).

3) If a claimant's impairment(s) meet, medically equal, or functionally equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), she is disabled.  20 C.F.R. § 416.924(d); 416.925.  *Id*.

In addition to this three-step evaluation process, there are "six broad areas of functioning or 'domains' used only in determining functional equivalence."  *Id*. (citing 20 C.F.R. § 416.926a(b)(1)).

In this particular case, the ALJ determined that Krista's impairment was not severe, and did not "medically equal" or "functionally equal" an impairment that would warrant SSI benefits.  Before arriving at his conclusion, the ALJ set forth and discussed the evaluation steps listed above.  ALJ's Decision, Record at 11-12.  Following that, he wrote a detailed opinion applying those standards, as well as the six "domains," to the specific evidence presented in this case.  *Id*. at 12-18.  The ALJ correctly stated and analyzed the parameters set forth in the Code of Federal Regulations, and discussed them thoroughly in relation to the evidence presented in this case, in order to arrive at his decision.

The court has reviewed all the evidence submitted in this case.  It is clear that the ALJ's decision that Krista was not entitled to benefits was supported by substantial evidence.  By way of example, Dr. Rustagi, while acknowledging that Krista is "impaired with impulsivity," found that she was otherwise functioning normally given her age and circumstances, and treated her with medication.  Record at 133-135.  Dr. Booth also diagnosed Krista as having attention deficit-hyperactivity disorder, but also concluded that the child could be treated adequately with medication.  Record at 138-145.  A report submitted by Krista's teachers indicated that her behavior was age appropriate, that she did not demonstrate problems with social skills, and that she was improving "in all areas" of her school activities.  Record at 113.  In addition, Krista's school progress reports revealed that while she needed improvement in many educational areas, her overall performance was satisfactory or steadily improving.  Record at 126-128.  These are only some of the medical and educational records on which the ALJ based his decision.

For all of these reasons, the court finds that the ALJ's decision is supported by substantial evidence and is therefore conclusive.  42 U.S.C. § 405(g).  The Claimant presents no argument or evidence that would warrant a reversal or remand of this case.  As stated above, a court shall "uphold an ALJ's decision if it is reached under the correct legal standard and if it is supported by substantial evidence."  *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

## CONCLUSION

Based on the foregoing the Commissioner's decision, issued through the Administrative Law Judge, is hereby AFFIRMED.  The Clerk is instructed to enter judgment in favor of the defendant and against the plaintiff.


Entered: March 27, 2007.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court